**Steven A. and Barbara J. PEARCE, Maurice M. and Sandra L. Whalen, Robert K. and Shirley M. Albright, Larry D. and Carla A. Wisemann, Alvin E. and Sharon E. Schnake, Richard E. and Lois J. Markley, William L. and Myrna K. Frost, George and Gaye Hammontree, and Don and Barbara Cox, Respondents,**

v.

**Samuel R. and Tina SCARCELLO, Randy and Barbara Wilson, Gary L. and Beverly G. Reddaway, Benny R. and Gloria Sharp, Fredrick M. and Melody Hoeppner, Richard A. and Beverly A. Drake, and Richard and Donna Gross, Appellants.**

**No. WD 51452.**

Missouri Court of Appeals,
Western District.

April 30, 1996.

Alan E. South, Kansas City, for appellants.

James E. Thompson, Harrisonville, for respondents.

Before LOWENSTEIN P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

The circuit court has told seven households[1] in a Cleveland subdivision that they must replace the nonwooden shingles on their houses' roofs with wooden shingles because the subdivision's restrictive covenants require wooden shingles. The appellants decided to put nonwooden shingles on their houses after a majority of the Lone Pine Subdivision lot owners filed amended restrictive covenants with the Recorder of Deeds. Nine subdivision households[2] sued for an injunction to enforce the original restrictive covenants. The circuit court decided that the covenant had not been properly amended and enjoined the appellants from keeping nonwooden shingles on their roofs. We affirm the circuit court's judgment.

■ The parties do not dispute that the original restrictive covenants can be amended. The question is when. The covenants said:

These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of thirty (30) years from the date these covenants are recorded, after which time the said covenants shall be automatically extended for successive periods of ten (10) years unless the then owners of a majority of the lots in the said subdivision shall, before the expiration of said original term or any extension thereof, by an instrument executed, acknowledged and recorded in the office of the Recorder of Deeds, change or modify the same in whole or in part.

Appellants argue that this provision allows them to modify the covenants at any time as long as a majority of the lot owners agree. Respondents argue, on the other hand, that the covenants cannot be modified at all for the first 30 years unless all of the lot owners agree to amend them.[3] Both parties asserted at oral argument that this provision is clear and unambiguous and confidently declared that their reading was the obvious one.

---

1. They are Samuel and Tina Scarcello, Randy and Barbara Wilson, Gary and Beverly Reddaway, Benny and Gloria Sharp, Fredrick and Melody Hoeppner, Richard and Beverly Drake and Richard and Donna Gross. We refer to them collectively as the appellants.

2. They were Steven and Barbara Pearce, Maurice and Sandra Whalen, Robert and Shirley Albright, Larry and Carla Wiseman, Alvin and Sharon Schnake, Richard and Lois Markley, William and Myrna Frost, George and Gaye Hammontree, and Don and Barbara Cox. We refer to them collectively as the respondents.

3. In the absence of contractual provisions to the contrary, a covenant may be amended at any time with the unanimous consent of all lot owners. *Kauffman v. Roling*, 851 S.W.2d 789, 792 (Mo.App.1993).

■ In interpreting a covenant, we must use "the plain, ordinary and usual meaning" of the covenant's words. *Stolba v. Vesci*, 909 S.W.2d 706, 708 (Mo.App.1995). We step through the provision, clause by clause, to accomplish this.

No one disputes that the covenant's first part—"These covenants are to run with the land and shall be binding on all parties and all persons claiming under them for a period of [30] years from the date these covenants are recorded"—is fairly articulate. We understand this to mean that the wooden roof requirement was to endure for at least 30 years.

The next part speaks to what is to happen after 30 years and is still fairly articulate: "[A]fter [the 30 years] the ... covenants shall be automatically extended for successive periods of [10] years[.]" We understand this to mean that the wooden roof requirement endures for not only 30 years, but for eternity, measured in 10–year increments.

The difficulty in understanding the provision arises with the next portion. It begins with "unless" which we take to foretell of an exception:

> [U]nless the then owners of a majority of the lots in the said subdivision shall, before the expiration of [the] original term or any extension [of it], by an instrument executed, acknowledged and recorded in the office of the Recorder of Deeds, change or modify the same [4] in whole or in part.

The difficulty arises in trying to figure out what this exception excepts.

The appellants contend that it refers to the covenants' being "binding ... for a period of [30] years" and to their being "automatically extended for successive periods of [10] years." In other words, they read the document to say that the covenants will endure forever, measured in an initial block of 30 years followed by successive 10–year blocks, until the owners of a majority of the subdivision's lots amend them.

■ We reject the appellants' interpretation, however, because it renders meaningless the clause, "before the expiration of [the] original term or any extension [of it]." If the owners of a majority of the lots could amend at any time, what possible meaning would this clause have? It would become mere surplusage. If we were to adopt the appellants' interpretation, we would not be giving the clause its plain and ordinary meaning; we would be according it no significance at all.

This causes us to turn to the respondent's interpretation as the proper one. The provision means that the covenants will endure for 30 years. After that, they will continue to bind the subdivision's landowners unless, before the 30 years has expired, the owners of a majority of the subdivision's lots file proper amendments with the Recorder of Deeds. These amendments would not become effective until after the 30 years had expired. If the owners of a majority of the lots do not amend the covenants before the 30 years has expired, the covenants will continue to bind the subdivision's landowners for 10 more years. After that 10 years has expired, they will continue to bind the subdivision's landowners for another 10 years unless the owners of a majority of the subdivision's lots file amendments with the Recorder of Deeds. The amendments would not become effective until that 10–year period had expired.

This is the way the circuit court interpreted the provision. We, therefore, affirm its judgment.

LOWENSTEIN, P.J., and HANNA, J., concur.

---

4. We assume that "the same" refers to the covenants. Although that is not entirely obvious, the parties, by not making an issue of it, seem to agree that it does.